## HILL *v.* DENTON.

MORTGAGE FORECLOSURE—INTEREST CONVEYED.—Where a husband and wife, as tenants by the entireties of a tract of land, executed a mortgage, conveying the land, a decree foreclosing the mortgage and sale thereunder will divest the interest of both husband and wife, though the decree by mistake recited that the interest of the wife was a dower and homestead interest.

Appeal from Boone Circuit Court in Chancery.

ELBRIDGE G. MITCHELL, Judge.

Reversed.

### STATEMENT BY THE COURT.

S. W. Pierce was the owner of 160 acres of land in Boone County, Arkansas. On the 12th day of February, 1892, he conveyed his land to O. E. Hindes and Sarah E. Hindes, his wife, jointly, so that they became tenants by entireties.

On November 22, 1892, O. E. Hindes and his wife, Sarah E. Hindes, executed and delivered to J. M. Rose as trustee a deed conveying to him all their right, title and interest in and to the land above mentioned to secure a joint indebtedness of about one thousand dollars that they owed to the Southern Agency & Investment Company for borrowed money.

On December 26, 1896, Hindes and wife conveyed the same land to Robert L. Howsley for valuable consideration, but the deed recited that it was subject "to all legal claims and demands against any part of said premises" arising by virtue of the deed to J. M. Rose, trustee above referred to.

The debt secured by the trust deed not being paid, J. M. Rose brought an action against O. E. Hindes and Sarah E. Hindes, his wife, and Robert L. Howsley, to whom they had subsequently conveyed the land, and obtained a decree of foreclosure, ordering the lands described in the deed sold and proceeds applied to the payment of the debt.

In obedience to this decree the lands were sold by a commissioner at public sale, and purchased by S. G. Hill and W. H. Therold. The sale was reported to the court, and confirmed, and the commissioner was ordered to make deed conveying the land to the purchaser, which he proceeded to do. The deed of the commissioner recites that said commissioner, "in pursuance of the decree of the court and consideration of the sum of $1,100, hath bargained, granted and sold, and by these presents doth grant, bargain, sell and convey unto the said Samuel G. Hill and William H. Therold, and to their heirs and assigns, forever, all the right, title, interest or claim, either in law or equity, of the parties to said suit in chancery in or to the said parcel of land hereinbefore described."

The deed was submitted to the court and approved, and the purchasers put in possession.

Afterwards O. E. Hindes died, and his wife after his death, on December 6, 1898, made a quitclaim deed, conveying the land to C. S. Denton, and still later, on June 27, 1899, she executed another quitclaim deed conveying the same land to Robt. L. Howsley.

Prior to the proceedings above noted this land had been forfeited to the State for non-payment of taxes, and in 1898, C. S. Denton purchased the land from the State, and the Commissioner of State Lands executed a deed conveying the same to him on the 20th day of June, 1898.

In 1899 Denton commenced an action of ejectment against Hill and Therold to recover the land. Hill and Therold filed their answer, alleging that the sale of the land to the State for taxes was void, and that the deed from the State to Denton conveyed no title. Afterwards Robt. L. Howsley filed an intervening petition, claiming the land by virtue of the deed of Sarah E. Hindes. Subsequently, by consent of all parties, the cause was transferred to the equity docket. On the hearing the chancellor decided that the tax title of Denton was void, and that Howsley was the owner of the land, and he rendered a decree accordingly.

The defendants Hill and Therold and also C. S. Denton appealed.

*Rose & Coleman,* for appellants.

The intervener cannot attack the decree collaterally.   115 U. S. 440; 2 Pet. 157; 10 Pet. 451; 22 Ark. 118; 47 Ark. 301; 115 U. S. 447.

*J. W. Story* and *W. S. & F. L. McCain* for Denton, the appellant.

The decree should have been for Denton.   56 Ark. 276; 43 Ark. 543.   The charge of costs was proper.   61 Ark. 414.

RIDDICK, J., (after stating the facts.)   This is a controversy concerning the title to 160 acres of land which is claimed by three different and opposing parties in this action.   The land belonged originally to one Pierce.   He conveyed it to O. E. Hindes and wife, who held it under the deed as tenants by entireties. These tenants conveyed it by trust deed to J. M. Rose to secure a debt they owed to the Southern Agency & Investment Company. The debt was not paid, and the company obtained a decree foreclosing the trust deed.   Under this decree the land was sold and conveyed by a commissioner to Hill and Therold, two of the parties to this suit.   After this decree and sale O. E. Hindes died, and afterwards his wife, the   surviving tenant by entirety, executed two quitclaim deeds to this land.   One deed she executed to C. S. Denton, and by a subsequent quitclaim deed she attempted to convey it to Robt. L. Howsley, both of whom are parties to this action, and now set up separate claims to the land under these quitclaim deeds.

But we are of the opinion that neither Denton nor Howsley took anything by the quitclaim deed of Mrs. Hindes for the reason that she at that time had no interest in the land to convey. By the trust deed to Rose she and her husband conveyed their entire interest in the land to secure a debt which they owed.   This debt was not paid, and the subsequent foreclosure decree and sale divested both Mrs. Hindes and her husband of all interest in the land.    It is true that the foreclosure decree is rather carelessly drawn, and speaks of the interest of Mrs. Hindes in the land as a dower and homestead interest.   But a consideration of the decree and the deed executed in pursuance thereof makes it plain that the intention and effect of this decree and sale and the deed executed in pursuance thereof was to divest and transfer to purchasers at the sale whatever interest she had in the land.

The general rule is that a foreclosure decree and sale thereunder carries all the interest both of the mortgagor and mortgagee at the time the mortgage was executed. Mrs. Hindes joined in the trust deed, and conveyed to the trustee all the interests she had in the land as security for the debt described in the deed. The decree foreclosing that mortgage and the sale thereunder divested her and her husband of all interest in the land. It follows, therefore, that after that sale she had no interest in the land to convey, and her quitclaim deeds to Denton and Howsley gave them no rights in the land. *Chicago & V. R. Co.* v. *Fosdick,* 106 U. S. 68; *Champion* v. *Hinkle,* 45 N. J. Eq. 162; Wiltsie, Mortgage Foreclosures, § 12; 2 Jones, Mort. (6th Ed.), § 1653.

As Howsley had no other title except that obtained from Mrs. Hindes subsequent to the execution of the trust deed, what we have said disposes of his claim; but Denton, in addition to the deed from Mrs. Hindes, also claims the land by virtue of a forfeiture of the land to the State for non-payment of taxes and a subsequent deed from the Commissioner of State Lands conveying the lands to. him. As to half of the land which was forfeited for the non-payment of taxes for 1894, he now concedes that such forfeiture and sale to the State was invalid, and that, as to that 80 acres, the judgment of the chancellor holding the forfeiture to be invalid was right. But he contends that by virtue of the deed of the commissioner he has a good title to the remaining 80 acres forfeited for the non-payment of the taxes for 1895, and as to that land he asserts that the decree of the chancellor should be reversed. This contention seems to be sustained by the record. The deed of the land commissioner makes out a *prima facie* case in favor of the validity of the tax sale, and we find nothing in the record to overthrow it.

The contention of counsel of Hill and Therold on this point is, first, that Denton took. no appeal from the decree declaring his title void. But the record shows that Denton applied to the clerk of this court for an appeal from that judgment which was granted on the 5th day of January, 1903, less than a year from the date of the decree appealed from.

Their next contention is that the decree recites that the tax books for the year 1896, so far as they concerned this tract of land, were used in evidence on the hearing, and that this evidence from the tax books has not been copied in the record. If the transcript of the record here was defective, and omitted a material portion of the testimony upon which the decree was based, we could agree with the contention of counsel that the decree could not be reversed on an imperfect transcript. But the clerk has certified that the transcript is a "full, true and perfect transcript of the record," and we find in it what is styled an "abstract from list of real estate subject to taxation in Boone County, Arkansas, for the year 1896, taken from the tax books for said year." This "abstract," which seems to be copied from the tax books of the year named, shows that the land was re-entered on the tax books for that year, but it does not show that any taxes were entered against it, or that any taxes on this land were paid by the owner for that year. Reading the reference in the decree to the tax books for 1896 in connection with the certificate of the clerk that the transcript is true and perfect, we take it that we have before us all that the lower court considered in this case. But we see nothing in it that invalidates the tax sale upon which the title of Denton rests. The mere retention of the description of the lands on the tax books, without charging any taxes against it or collecting any from the owner, did not affect the forfeiture for the previous year. As no taxes were charged, we need not determine what effect a charge and collection of taxes from the owner before expiration of time to redeem would have had upon the previous tax sale. We are of the opinion that Denton made out a good title, so far as this 80-acre tract is concerned.

The decree of the chancellor will, therefore, be reversed, and the case remanded, with an order that he enter a decree in favor of plaintiff Denton for the east half of southwest quarter of section 6, township 20 north, range 18 west, and in favor of defendants Hill and Therold for the remainder of the land in controversy, and that the intervening petition of Howsley be dismissed for want of equity. It is so ordered.